[No. 23254. Department One. October 14, 1931.]

THE STATE OF WASHINGTON, *on the Relation of the Town of* BINGEN, *Plaintiff*, v. THE DEPARTMENT OF PUBLIC WORKS OF WASHINGTON, *Respondent*, THE TOWN OF WHITE SALMON, *Intervener*.[1]

*McMaster, Hall & Schaefer*, for relator.

*The Attorney General* and *John C. Hurspool, Assistant*, for respondent.

*McEwen & Brooks*, for intervener.

BEELER, J.—The petitioner, the town of Bingen, instituted these proceedings before the department of public works to compel the Spokane, Portland & Seattle Railway Company to change the name of its railway depot or station located within the town of Bingen from "White Salmon" to "Bingen," and to print and use the name "Bingen" on its time schedules, tariffs, way bills, tickets, and other literature in lieu of the name "White Salmon." The petitioner contends that the use of the name "White Salmon"

[1] Reported in 3 P. (2d) 999.

by the railway company on its station and literature constitutes unfair and unjust discrimination against the citizens and merchants of the town of Bingen, and is in violation of Rem. Comp. Stat., § 10357, which reads:

"No common carrier shall make or give any undue or unreasonable preference or advantage to any person or corporation or to any locality or to any particular description of traffic in any respect whatsoever, or subject any particular person or corporation or locality or any particular description of traffic, to any undue or unreasonable prejudice or disadvantage in any respect whatsoever."

The town of White Salmon intervened in the proceedings and resisted the petitioner's application, although it raised no objection to the use by the railway company of the joint or hyphenated name of "Bingen-White Salmon." The railway company at the hearing before the department held during May, 1930, stood neutral, being willing to adopt and use whichever name the department saw fit to select, but opposed to the use of the joint name "Bingen-White Salmon."

On November 14, 1930, the department made certain findings of fact, and entered an order requiring the railway company to discontinue the use of the name "White Salmon" on its railway station and literature, and ordered the company to adopt and use the name "Bingen" on its station and on its time schedules, tariffs, shipping bills, and other literature. On December 13, 1930, the department revoked this order. On April 28, 1931, after notice had been given to the respective parties, the department, after further consideration, entered its final order which, in part, reads:

"This matter comes before the department for further consideration upon petition by the town of White Salmon and the Spokane, Portland & Seattle

Railway Company for modification of order dated November 14, 1930, wherein the department required that the railroad station in the town of Bingen be designated by the railroad company as Bingen, and that the railway company cease and desist from showing the town of White Salmon as a station on its line, which order was rescinded by the department under date of December 13, 1930, to permit of further consideration.

"The department, having carefully considered the record herein, is still of the opinion that its original findings and order dated November 14, 1930, were proper and supported by the evidence and testimony submitted and introduced prior to such time. However, subsequent thereto the respondent, Spokane, Portland & Seattle Railway Company has assumed a different attitude, is now willing to carry a joint name "Bingen-White Salmon" and to indicate such name on its time cards, tariffs, etc. As a matter of fact, it has actually adopted and is applying the joint name at this time. *The original testimony also indicates that both cities were agreeable to the station being designated by the joint name,* while the company held a neutral position, refusing, however, to apply the joint name. In view of such attitude, the department selected "Bingen," while at the same time being of the opinion that *all concerned would be better served through the adoption of the joint name.*

"In view of the supplemental record developed, IT IS ORDERED, That the Spokane, Portland & Seattle Railway Company *may* designate the station name in the town of Bingen as "Bingen-White Salmon," that such name be carried in all its publications as are other stations on its system, and that this cause be and the same is hereby dismissed." (Italics ours.)

The record of the proceedings before the department was certified to this court by writ of review issued on the application of the petitioner. We shall dispose of the matter *de novo* as provided for in chapter 119, Laws of 1931, p. 363.

The order of April 28 is amply supported by

the evidence in the record, and is determinative of this controversy. From our examination of the record and review of the evidence, we find these facts established: That Bingen is an incorporated town of 362 inhabitants located on the north bank of the Columbia river, and on the Evergreen or North Bank highway. White Salmon is an incorporated town with a population of 795 inhabitants, and is located on a hill or bluff, its elevation being about 385 feet above Bingen. Both of these towns are located in the western part of Klickitat county. The distance between the two towns, by road, is about one mile and a half, whereas horizontally the distance is about one-half mile. The main line of the Spokane, Portland and Seattle Railway passes through the town of Bingen and also through that portion of the corporate limits of the town of White Salmon which extends down over the cliff or bluff and to the Columbia river, a short distance west of the town of Bingen. This railway was constructed and completed some time during 1908, at which time the station or depot was built in the town of Bingen, and for a period of three months following its completion bore the name "Bingen," and thereafter the name "White Salmon."

In October, 1911, the town of Bingen instituted proceedings before the then railroad commission seeking to compel the railway company to adopt and use the name "Bingen," instead of the name "White Salmon." At the conclusion of that hearing, the commission entered an order compelling the railway company to "show on all tariffs and folders the station Bingen," and that "Bingen be shown among the list of its stations," which order was affirmed by the superior court of Klickitat county, but on appeal to this court was revoked. *State ex rel. Spokane, etc. R. Co. v. R. R. Com.,* 69 Wash. 523, 125 Pac. 953, Ann. Cas. 1914A

830. The opinion there should be read in connection with the opinion here. In reviewing the evidence in that proceeding, we said:

"In July, 1908, appellant railroad company changed the name of its station on the line of its railway in Klickitat county, theretofore called Bingen, to White Salmon. This change was apparently made in compliance with the wishes of a large majority of the patrons of the railway company having business with it at that station. The station is situated upon the platted townsite of Bingen, not far from the business center of that town, where there is a post office of the same name. Bingen is not an incorporated town, but a mere village, and has only about 100 inhabitants. The name has no application except to the town or village itself. It is not suggestive of any surrounding country or valley, as is that of White Salmon. About a mile and a half from the station, is situated the business center of the town of White Salmon, which is an incorporated town of the fourth class, having a post office of the same name and a population of 800 or more. The name White Salmon has a well recognized application to a somewhat extensive scope of country lying in the valley of the White Salmon river, and tributary to the town of White Salmon."

With the exception that, within the last twenty years, the population of the town of Bingen has increased from 100 to 362 inhabitants, with a corresponding increase of industries, there has been no marked change in the condition or in the relationship existing between these two towns. When we consider that the name "White Salmon" is descriptive of an extensive territory lying contiguous to the town of White Salmon, that the population of White Salmon is greater than that of Bingen, and when we take into account that the change of the name to Bingen would unquestionably lead to a great deal of confusion among the inhabitants of that entire district, the con-

clusion is irresistible that the order entered by the department adopting the joint or hyphenated name "Bingen-White Salmon" comes as near being an equitable and just solution of this controversy as is possible under all the facts and circumstances.

The order entered by the department, however, is merely permissive and not mandatory, in that it does not require nor direct the railway company to use the name "Bingen-White Salmon." In that regard, the order will be modified, and the department of public works, within thirty days after the remittitur shall have been filed, shall cause the railway company to use and adopt the name "Bingen-White Salmon" on its railway station, and on its time schedules, tariffs, way bills, tickets and other literature. In all other respects, the order of the department is affirmed. Each party to bear its own costs.

TOLMAN, C. J., PARKER, HERMAN, and MITCHELL, JJ., concur.